```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

James W. Davis,                    :
        Petitioner,                :
                                   :
        v.                         :    Case No. 1:02-cr-64-jgm-1
                                   :
United States of America,          :
        Respondent.                :
```

OPINION AND ORDER
(Doc. 24)

James Davis, an inmate proceeding *pro se*, has petitioned the Court for a reduction of his sentence due to "extraordinary circumstances." He also asks the Court to award him credit for time he served on his state sentence. For the reasons set forth below, the petition is DENIED.

The "extraordinary circumstances" that allegedly warrant a sentence reduction include Davis's efforts during a 2004 prison uprising. According to accounts submitted by both Davis and prison officials, Davis did not participate in the uprising except to the extent that he "assisted [prison] staff in getting to safety and out of harm's way." (Doc. 24-1 at 2) (Memorandum of Warden R.J. Stovall.) Davis also argues for a reduction because his parents are dying of cancer, with his wife as the sole care-provider, and because he has reportedly "completed many life changing programs" while in prison. (Doc. 24 at 2.)

Modification of a prison sentence is permitted "in only three specific circumstances." United States v. Maldonado, 138 F. Supp. 2d 328, 331 (E.D.N.Y. 2001). First, a sentence may be

modified when "such a modification is permitted by Rule 35 of the Federal Rules of Criminal Procedure or another statute." Id. (citing 18 U.S.C. § 3582(c)(1)(B)).  Second, it may be modified when there has been an amendment to a relevant provision of the Sentencing Guidelines.  See 18 U.S.C. § 3582(c)(2).  Third, the sentence may be modified upon motion of the Director of the Bureau of Prisons, if the court finds that "extraordinary and compelling reasons warrant such a reduction[,]" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(I).

   Davis has made clear he is not seeking a modification under Rule 35.  (Doc. 31 at 2.)  He also informs the Court he has no intention of converting his petition into a motion under 28 U.S.C. § 2255.  (Id.)  Nor does he make any reference to a change in the Sentencing Guidelines.  Consequently, his petition falls under § 3582(c)(1)(A), which addresses "extraordinary and compelling reasons" for a reduction.  Such a reduction, however, is available only "upon motion of the Director of the Bureau of Prisons."  18 U.S.C. § 3582(c)(1)(A).  Accordingly, this Court lacks jurisdiction to grant relief in the absence of a motion from the Bureau of Prisons.  See United States v. Traynor, 2009 WL 368927, at *2 (E.D.N.Y. Feb. 13, 2009); United States v. DeFeo, 2008 WL 2557425, at *3 (S.D.N.Y. June 26, 2008).

Davis also argues he was not awarded credit for time served "from the time he was incarcerated for his Vermont sentence which stemmed from the same incident as his Federal charge." (Doc. 24 at 2.) Davis claims his attorney promised that his Vermont sentence would be the same length as his federal sentence, but does not bring either an ineffective assistance of counsel claim or any claim with respect to the validity of his guilty plea.

This Court again lacks jurisdiction to review Davis's claim. The computation of a federal sentence is part of the execution of that sentence, and a challenge to the execution of a sentence must be filed under 28 U.S.C. § 2241. Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) (§ 2241 petition "generally challenges the execution of a federal prisoner's sentence, including . . . computation of a prisoner's sentence by prison officials"). The proper venue for a motion brought under § 2241 is the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); Shehadeh v. United States, 2008 WL 630473, at *2 (N.D.N.Y. Mar.5, 2008); Clinkscale v. United States, 367 F. Supp. 2d 1150, 1155 (N.D. Ohio 2005) ("Any claim challenging sentencing credit determinations must be brought pursuant to 28 U.S.C. § 2241 in the district court having jurisdiction over the petitioner's custodian."). Davis is currently incarcerated in

Beattyville, Kentucky.  Therefore, if he seeks to bring a § 2241 petition, he must file it in the United States District Court for that locale.

For the reasons set forth above, Davis's petition for reduction of sentence (Doc. 24) is DENIED.

Dated at Brattleboro, in the District of Vermont, this 10th day of May, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge