UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

        v.                                                              Crim. No. 1:02-cr-64

James W. Davis

**REPORT AND RECOMMENDATION**
(Doc. 39)

      James W. Davis, proceeding *pro se*, has filed a Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence imposed on him on March 25, 2003, following his plea of guilty to one count of possession of a firearm by a person previously convicted of a crime punishable by a term of imprisonment of one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  (Doc. 39.)  Davis contends that he received ineffective assistance of counsel at the time of his guilty plea and at sentencing.  Davis also contends that the District Court committed error in the determination of his sentence.  As discussed below, I recommend that Davis's Motion be DENIED because it is barred by the applicable statute of limitations.

**Background**

**I.**     **The Indictment and Plea**

      On May 13, 2002, a two-count Indictment was filed in this district alleging that on June 27, 2001, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), Davis possessed a Smith and Wesson 9 mm semi-automatic pistol (Count 1); and two other firearms, a Winchester Model 9422 .22 caliber rifle and a Marlin Model 60SS .22 caliber rifle

(Count 2), having previously sustained the following felony convictions: (1) 1989 assault and burglary in New York; (2) 1993 burglary in New York; and (3) 1995 burglary in Pennsylvania. (Doc. 1.)[1] The Office of the Federal Public Defender was appointed to represent Davis, and he was represented from arraignment through sentencing by Assistant Federal Public Defender ("AFPD") Robert McDowell.

On November 25, 2002, a Plea Agreement signed by Davis and AFPD McDowell was filed, wherein Davis agreed to plead guilty to Count 1 of the Indictment. (Doc. 16.) Therein, Davis acknowledged understanding that by his plea he faced a possible mandatory minimum term of imprisonment of 15 years up to a maximum of life. (*Id*. at ¶ 2.)[2] Davis also acknowledged that he entered into the agreement of his own free will with a full understanding of its terms, and that he had had a full opportunity to consult with his attorney concerning the agreement. (*Id.* at ¶ 14.) In exchange for Davis's plea, the government agreed to: (1) move to dismiss Count 2 at sentencing; (2) not prosecute Davis for any other offenses known to it relative to his possession of firearms; (3) recommend that Davis be sentenced to a term at the low end of the applicable sentencing guideline range, but not less than 15 years; (4) recommend that Davis receive credit for acceptance of responsibility within the meaning of USSG § 3E1.1. (*Id.* at ¶ 6.) The

---

[1] It was later revealed in the Presentence Report that the firearms in question had been stolen from a New York residence during a burglary and were either found in Davis's possession or recovered following Davis's attempt to flee from Vermont authorities.

[2] Title 18, United States Code Section 924(e)(1) requires a sentence of a mandatory minimum term of imprisonment of 15 years for an individual who violates 18 U.S.C. § 922(g)(1) and who has three prior convictions for a violent felony or a serious drug trafficking crime committed on occasions different from each other. The term "violent felony" is defined in § 924(e)(2)(B) and includes burglary and crimes having the use, attempted use, or threatened use of physical force against the person of another.

government also agreed to refrain from objecting to the imposition of a federal sentence to run concurrently to a 10- to 15-year state sentence that Davis was serving for a conviction based on a June 27, 2001 burglary involving Davis's theft of firearms which gave rise to the federal prosecution.  (*Id*. at ¶ 6(e).)

On November 25, 2002, Davis appeared before United States District Judge J. Garvan Murtha to enter his plea of guilty consistent with the Plea Agreement.  (Doc. 46.) The transcript of that proceeding reveals that Judge Murtha conducted the complete colloquy required by Rule 11 of the Federal Rules of Criminal Procedure.  (*Id.*)  Judge Murtha elicited from Davis his understanding that he faced a 15-year mandatory minimum term of imprisonment at the time of sentencing.  (*Id.* at 11–12.)  Davis told Judge Murtha that he had had a full opportunity to discuss his plea of guilty with Attorney McDowell and that he was fully satisfied with the advice and representation he had received from McDowell.  (*Id.* at 16.)  Davis thereupon entered a plea of guilty to having knowingly possessed the pistol alleged in Count 1, having been previously convicted of the three felony convictions for burglary and one conviction for felony assault.  (*Id.* at 17.)  Judge Murtha accepted the plea after concluding it was knowing and voluntary.  (*Id.* at 17–18.)

## II.     The Presentence Report and Sentencing

The Presentence Report ("PSR") summarized the predicate convictions that gave rise to application of 18 U.S.C. § 924(e)(1), and the PSR concluded that Davis faced a mandatory minimum term of imprisonment of 15 years to a maximum of life pursuant to § 924(e) and a sentencing guideline range of 188–235 months.  (PSR ¶¶ 101–102.)  The

PSR noted the following facts regarding Davis's past convictions: Davis was convicted of felony assault in 1989 in New York based on his striking of a victim with a club, and was convicted of burglary of a commercial establishment in the same year also in New York (*id.* at ¶¶ 46–47); although these offenses were disposed of on the same day, they were committed in distinct episodes separated by a matter of several weeks (*id.*); Davis was convicted of residential burglary in 1993 in New York (*id.* at ¶ 49); Davis was convicted of residential burglary in 1995 in Pennsylvania (*id.* at ¶ 50). Davis's 2001 burglary conviction in Vermont was *not* included as a predicate conviction in the § 924(e)(1) determination or his criminal history calculation under the Sentencing Guidelines, as that burglary was included as part of the offense conduct that comprised the federal offenses.

      Prior to sentencing, Attorney McDowell filed a Sentencing Memorandum; no objection to the application of § 924(e) was asserted therein. McDowell urged the Court to impose a sentence at the low end of the sentencing guideline range of 188–235 months and asked that the Court impose a sentence that was concurrent to Davis's state-court sentence of 10–15 years. (Doc. 18.)

      On March 25, 2003, Davis appeared in the District Court for sentencing. (Doc. 47.) At the hearing, Davis did not assert any objections to the PSR, and the Court concluded that Davis had three prior convictions, as discussed above, making him subject to the 15-year mandatory minimum sentence required by 18 U.S.C. § 924(e)(1). Davis was sentenced to 188 months in prison to run concurrently with the undischarged State of Vermont sentence that he was serving at that time. (Doc. 47 at 5–7.) Davis was advised

of his right to an appeal and appointment of counsel for an appeal.  No direct appeal was taken.

## III.   Davis's § 2255 Motion

On June 19, 2014, over 11 years after his conviction became final, Davis filed the pending Motion seeking to vacate his conviction.  As mentioned above, Davis makes the following two claims therein: (1) he received ineffective assistance of counsel as guaranteed by the Sixth Amendment to the Constitution; and (2) the District Court erred in his sentencing.  Specifically, Davis contends that Attorney McDowell was ineffective for "grossly misinform[ing] Davis of the amount of time he could receive" and for failing to timely file a notice of appeal "after Davis specifically requested counsel to do so." (Doc. 39 at 2.)  Davis also contends that the Court erred "by enhancing Davis's sentence with facts that weren't found to be true or listed in the Indictment as addressed in *Alleyne v. United States*, 133 S. Ct. 2151 (2013)." (*Id.*)  Finally, relying on the recent Supreme Court decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), Davis asserts that the Court erred "in convicting [him] as a Career Criminal." (*Id.*)

The government opposes Davis's Motion, asserting that it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255.  (Doc. 51.)  The government also contends that this is not the rare, exceptional case where equitable tolling might be warranted.  Finally, the government argues that Davis's claims are without merit.

Davis has filed a Reply in which he argues that his Motion is not time barred, relying on *Chaidez v. United States*, 133 S. Ct. 1473 (2013).  (Doc. 54 at 3–5.)

## Analysis and Conclusions of Law

### I. Standard Governing § 2255 Motions

A prisoner in federal custody may file a motion under 28 U.S.C. § 2255 on the grounds that his sentence was imposed in violation of the Constitution or federal laws, was issued by a court that did not have jurisdiction, was in excess of the lawful maximum, "or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is therefore generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)). "The reasons for narrowly limiting the relief permitted under § 2255—a respect for the finality of criminal sentences, the efficient allocation of judicial resources, and an aversion to retrying issues years after the underlying events took place—are 'well known and basic to our adversary system of justice.'" *Bokun*, 73 F.3d at 12 (quoting *United States v. Addonizio*, 442 U.S. 178, 184 & n.11 (1979)); *see also Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010). Davis bears the burden of establishing by a preponderance of the evidence any claim advanced in his § 2255 Motion. *See Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000); *Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995).

### II. Applicable Statute of Limitations

Title 28, Section 2255(f) of the U.S. Code establishes a "1-year period of limitation" within which a federal prisoner may file a motion to vacate, set aside, or

6

correct his sentence. Added to the statute by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, § 105, 110 Stat. 1214, 1220 (1996), this limitations period runs from "the latest" of four events:

>  (1) the date on which the judgment of conviction becomes final;
> 
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> 
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Thus, "[a] motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from the date on which the judgment of conviction becomes final." *Clay v. United States*, 537 U.S. 522, 524 (2003) (internal quotation marks omitted). "[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). In 2003 the Federal Rules of Appellate Procedure provided, in relevant part, that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P.

4(b)(1)(A)(i).³  Since Davis's judgment of conviction was entered on March 25, 2003 and no notice of appeal was filed, his judgment of conviction became final on April 9, 2003, one day after his time to appeal expired.  Given the one-year limitations period, Davis had until one year after that date—April 9, 2004—to file a petition under § 2255(f)(1).  Yet Davis waited over a decade to file the instant Motion on June 19, 2014.  Davis's Motion is thus barred by the statute of limitations unless one of the three remaining § 2255(f) exceptions apply.  Davis acknowledges this hurdle, contending that "[j]urisdiction is vested in this Court under 28 U.S.C. § 2255(f)(3)." (Doc. 39 at 1.)

### A. Facial Untimeliness of Davis's *Alleyne* Claim

Davis alleges that he was deprived of a right newly recognized by the Supreme Court in *Alleyne* on June 17, 2013.  In *Alleyne*, the Supreme Court overruled its previous decision in *Harris v. United States*, 536 U.S. 545 (2002), as inconsistent with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and held that, apart from the fact of a prior conviction, "any fact that increases the mandatory minimum [sentence] is an 'element' [of the crime] that must be submitted to the jury."  *Alleyne*, 133 S. Ct. at 2155.  Davis asserts that his sentence was enhanced based on facts that "weren't found to be true" or not "listed in the Indictment."  (Doc. 39 at 11.)

Davis's argument is fundamentally flawed for three reasons.  First, contrary to his assertions, the Indictment to which Davis pleaded guilty clearly set forth the felony convictions giving rise to his exposure as an Armed Career Criminal.  More importantly,

---

³ In 2003, Fed. R. App. P. 26(a)(2) excluded Saturdays, Sundays, and legal holidays from this ten-day calculation.

"*Alleyne* does not stand for the proposition that a defendant's prior convictions must be submitted to a jury and proven beyond a reasonable doubt, even when the fact of those convictions increases the mandatory minimum sentence for a crime." *United States v. Nagy*, 760 F.3d 485, 488 (6th Cir. 2014). Finally, as discussed below, § 2255(f)(3) affords Davis no relief from the statute-of-limitations bar.

Section 2255(f)(3) requires that a newly recognized right must have been "made retroactively applicable to cases on collateral review." The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001) (internal quotation marks omitted); *see also United States v. Redd*, 735 F.3d 88, 91 (2d Cir. 2013) (per curiam). "The Supreme Court announced the *Alleyne* rule on a direct appeal without expressly holding it to be retroactive to cases on collateral review." *Redd*, 735 F.3d at 91.

Davis argues that in *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013), the Seventh Circuit found that *Alleyne* "establishes a new rule of constitutional law." (Doc. 39 at 14.) *Simpson* does not advance Davis's position. The Seventh Circuit concluded in that case, like the Second Circuit in *Redd*, that *Alleyne* had not been made retroactive to cases on collateral review by the Supreme Court, and the court thus denied the relief sought by Simpson. *Simpson*, 721 F.3d at 876. In fact every circuit to consider the issue has concluded that *Alleyne* has not been made retroactive to cases on collateral review. *See Butterworth v. United States*, No.14-1076, 2014 WL 7463311, at *4 (1st Cir. Jan. 5, 2015); *Hughes v. Unites States*, 770 F.3d 814, 817 (9th Cir. 2014); *Jeanty v. Warden*,

9

*FCI-Miami*, 757 F.3d 1283, 1285–86 (11th Cir. 2014); *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *In Re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013); *Simpson*, 721 F.3d at 876; *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013).

Aside from the Supreme Court expressly holding a new rule to be retroactive, there are two other potential avenues for making such a rule retroactive: the rule could be made retroactive by a combination of holdings that necessarily dictate retroactivity of the new rule, or the Supreme Court could place the new rule within a category of cases previously held to be retroactive. *See Redd*, 735 F.3d at 91. *Chaidez* recognizes the two so-called *Teague* categories of cases that are retroactive. *See Redd*, 735 F.3d at 91 (citing *Chaidez*, 133 S. Ct. at 1107 n.3).[4] But the holding in *Chaidez* itself does not logically dictate *Alleyne*'s retroactivity. The Court in *Chaidez* held that *Padilla v. Kentucky*, 559 U.S. 356 (2010)—which requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea—does not apply retroactively. 133 S. Ct. at 1107. Nothing about that holding logically requires *Alleyne* to be retroactive. Moreover, after citing *Chaidez*, the Second Circuit has held that *Alleyne* does not fall into either of the *Teague* categories. *Redd*, 735 F.3d at 91.

Based on the foregoing, § 2255(f)(3) does not save Davis's petition and it is barred as untimely.

---

[4] The two *Teague* categories—named after *Teague v. Lane*, 489 U.S. 288 (1989)—are "new substantive rules that place certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe; and new procedural rules that are implicit in the concept of ordered liberty." *Redd*, 735 F.3d at 91 (internal quotation marks omitted).

### B.     Facial Untimeliness of the *Descamps* Claim

Davis also contends that his § 2255 Motion is not time-barred because it has been filed within one year of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).  (Doc. 39 at 21–22.)  In *Descamps*, the Supreme Court considered the question of how "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), should be applied to a crime defined more broadly than the generic definition of the crime.  133 S. Ct. at 2281.  The Ninth Circuit had held in the same case that a sentencing court may take the "modified categorical approach" when adjudicating such a question.  *United States v. Descamps*, 466 F. App'x 563, 565 (9th Cir. 2012).  Under the modified categorical approach, a sentencing court conducts a limited examination of documents in the conviction record to determine if there is sufficient evidence to conclude that the defendant was convicted of the elements of the generically defined crime, even if the statute used to convict the defendant contains additional elements.  *United States v. Aguila-Montes de Oca*, 655 F.3d 915, 940 (9th Cir. 2011) (en banc) (per curiam).  In *Descamps*, however, the Supreme Court held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was [previously] convicted has a single, indivisible set of elements," rather than a "divisible statute" which "sets out one or more elements of the offense in the alternative."  133 S. Ct. at 2281–82.

As stated previously, a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.  *Tyler*, 533 U.S. at 663.  Davis's contention fails for two reasons.  First, many courts have concluded that

*Descamps* did not create a new constitutional right. *United States v. Montes*, 570 F. App'x 830 (10th Cir. 2014); *United States v. Headbird*, No. 5-35(DSD), 2015 WL 58781 (D. Minn. Jan. 5, 2015); *Comstock v. United States*, No. 13-cv-1979 (JNE/JJG), 2014 WL 3384675, at *4 (D. Minn. July 10, 2014); *United States v. Martin*, Nos. 4:03CR61/MW/GRJ, 4:14cv322/MW/GRJ, 2014 WL 3845879, at *1 (N.D. Fla. July 7, 2014) (collecting cases).[5] Second, the Supreme Court has not declared *Descamps* retroactively applicable to cases on collateral review. *In re Jackson*, No. 14-30805, 2015 WL 127370, at *3 (5th Cir. Jan. 8, 2015); *Spells v. United States*, Nos. 14-cv-3774 (PKC), 04-cr-1304 (PKC), 2014 WL 5520691, at *1 (S.D.N.Y. Oct. 29, 2014) (citing *Putzier v. United States*, No. C14-4047-MWB, No. CR10-4114-MWB, 2014 WL 514218, at *3 (N.D. Iowa Oct. 14, 2014) (collecting cases)); *Romero-Coronado v. United States*, No. 3:14-CV-00513-N-BK, 2014 WL 3795952, at *3 (N.D. Tex. Aug. 1, 2014) (finding that *Descamps* does not apply retroactively on collateral review and thus § 2255(f)(3) was inapplicable to movant and motion was time-barred); *Reeves v. United States*, Nos. A-14-CA-548-SS, A-11-CR-511(1)-SS, 2014 WL 3513196, at *2 (W.D. Tex. July 11, 2014) ("The Supreme Court did not hold the rules announced in either *Alleyne* or *Descamps* apply retroactively to cases on collateral review, and Reeves therefore cannot take advantage of § 2255(f)(3)."). Clearly *Descamps* does not provide a basis upon which to toll the statute of limitations, and Davis's claim is timed-barred.

---

[5] *Chaidez v. United States*, *supra*, is therefore of little relevance.

### C. Facial Untimeliness of the Ineffective-Assistance Claim

Davis asserts that his attorney was ineffective for failing to advise Davis of his sentencing exposure and for failing to file a notice of appeal. In advancing this particular claim, Davis makes no attempt to overcome the statute-of-limitations barrier. Section 2255(f)(1), (2) and (3) clearly have no application here. Moreover, § 2255(f)(4), which permits tolling from the date when facts could have been discovered through the exercise of due diligence, similarly affords Davis no relief. *See Shadid v. Nicolato*, No. 13 Civ. 5800(PGG)(JCF), 2014 WL 3639169, at *2 (S.D.N.Y. July 23, 2014) ("When an attorney fails to file a notice of appeal after making assurances that he would do so, the statute of limitations begins to run as of the date on which the petitioner should have learned of the lawyer's failure."). Davis has known for 11 years that he has been serving a 188-month sentence. At some point Davis should have learned through the exercise of due diligence that no direct appeal had been pursued on his behalf. As discussed below, he makes no showing that he has been diligently pursuing his claim or has otherwise been impeded from pursuing habeas relief. Accordingly, his ineffective-assistance claim is time-barred.

### III. Equitable Tolling

In *Holland v. Florida*, the Supreme Court addressed the circumstances in which a federal habeas petitioner can invoke the doctrine of equitable tolling to overcome a statute of limitations. 560 U.S. 631 (2010). *Holland* held that, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (internal quotation marks omitted). The Second Circuit has established a "high

bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011). A petitioner must also "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). This demonstration cannot be made "if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* Furthermore, "the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008).

     Davis makes no showing that he has been diligently pursuing his rights over the last ten years. There is no evidence here that a government official or attorney engaged in any egregious conduct or took any extraordinary action to preclude or delay Davis's ability to file his habeas petition by April 9, 2004. Attorney error does not justify equitable tolling; rather, in order to toll the AEDPA limitation period on this ground, "an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003). Here, Davis's counsel opted against filing a notice of appeal after Davis had pled guilty and received a sentence that was concurrent to the state sentence he was already serving. Davis now alleges that he had requested that counsel file a notice of appeal, but he provides no evidence, beyond his own assertions, for this implausible claim.

14

Even assuming Davis's counsel was extraordinarily incompetent, Davis cannot meet his burden of showing that he acted with reasonable diligence to file his Motion sooner than he did. Had he requested that his attorney file a notice of appeal, as he now claims, he would have been aware of this omission well before the passage of approximately ten years. This lengthy delay contradicts any claim that Davis acted with reasonable diligence throughout this period. *McPhee v. Griffin*, No. 13-CV-4660 (PKC), 2014 WL 5427667, at *3 (E.D.N.Y. Oct. 24, 2014). The circumstances of this case do not rise to the level of "rare and exceptional circumstance[s]" required to warrant equitable tolling of the limitations period. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d. Cir. 2000) (internal quotation marks omitted).

## IV.     Hearing Requirement

In ruling on a § 2255 motion, the district court is required to hold a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Pham v. United States*, 317 F.3d 178, 185 (2d Cir. 2003) (§ 2255 does not permit summary dismissals of motions that present facially valid claims). However, § 2255 does not entitle the defendant to a hearing where his allegations are "vague, conclusory, or palpably incredible." *Machibroda v. United States*, 368 U.S. 487, 495 (1962); *see Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2001). To warrant a hearing, the defendant's motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact which, if proved at a hearing, would entitle him to relief. *See Machibroda*, 368 U.S. at 494; *United States v. Aiello*, 814 F.2d 109, 113–14 (2d Cir. 1987). Davis has

15

failed to show specific facts which, if proved at a hearing, would entitle him to relief. Thus, no hearing is required.

## V.     Unnecessary to Reach Merits

A court need not reach the merits of a habeas claim when the statute of limitations has expired. *Nosair v. United States*, 839 F. Supp. 2d 646, 650 (S.D.N.Y. 2012); *see also, e.g.*, *Yekimoff v. N.Y. State Div. of Parole*, No. 02 Civ. 8710 BSJ DF, 2004 WL 2211661, at *1–2 (S.D.N.Y. Oct. 4, 2004) (dismissing habeas claims solely as time-barred, noting that "the Court need not reach the merits of those claims"); *Duran v. United States*, Nos. 94 CR. 300(RCC), 00 Civ. 407(RCC), 2002 WL 867864 at *3 (S.D.N.Y. May 3, 2002) ("This Court is precluded from addressing the merits of [petitioner's] . . . claim because his petition is untimely under the one-year statute of limitations imposed by the AEDPA."); *Parke v. United States*, No. 97-CV-526 (NPM), 1998 WL 326762, at *2 (N.D.N.Y. Apr. 27, 1998) ("[T]he court need not address the merits of petitioner's claim because the court concludes that the [§ 2255] motion is untimely."), *aff'd*, No. 01-2213, 25 F. App'x 72 (2d Cir. 2002).

## Conclusion

Davis's claims are barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255(f), and equitable tolling is not warranted. Accordingly, I recommend that Davis's Motion to Vacate, set aside, or correct his sentence (Doc. 39) be DENIED.

Dated at Burlington, in the District of Vermont, this 9th day of February, 2015.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).